UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN H. CARR, IV,<br><br>        Plaintiff,<br><br>    v.<br><br>SRA INTERNATIONAL, INC. and CSRA, INC.,<br><br>        Defendants. | Civil Action No. 18-1034 (RMB)<br><br>**CLERK'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO TAX COSTS** |

This matter has come before the Clerk on the motion [Dkt. Entry 91] of Defendants SRA International, Inc. ("SRA") and CSRA, Inc. ("CSRA") (together, "Defendants") to tax costs against Plaintiff John H. Carr, IV ("Plaintiff," "Carr") pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1. Plaintiff opposes this motion.

Plaintiff filed his one-count, diversity-based complaint on January 25, 2018 [Dkt. Entry 1], asserting that his employment termination by SRA resulted from his whistleblowing activity as a *qui tam* realtor and was a violation of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.* Carr alleged that SRA was a subsidiary of CSRA and that CSRA's liability derived from its exertion of control over SRA.

After an approximate 18-month discovery period, the Court granted summary judgment in Defendants' favor and closed the case on August 6, 2020. [Dkt. Entries 81, 82]. Carr appealed from the Court's Order to the Court of Appeals for the Third Circuit on August 17, 2020 [Dkt. Entry 83] and that appeal remains pending.

On September 3, 2020, Defendants filed their bill of costs now before the Clerk [Dkt. Entry 91-1], seeking just the $8,667.95 cost of printed deposition transcripts and $8,792.93

cost of photocopies and of electronically stored information ("ESI"), or a total of $17,460.88.

## I.     Legal Standards

Defendants make this application pursuant to Fed. R. Civ. P. 54(d) (1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs --- other than attorney's fees---should be allowed to the prevailing party." A prevailing party is "one in whose favor a judgment is rendered." Garonzik v. Whitman Diner, 910 F. Supp. 167, 168 (D.N.J.1995).

There is a strong presumption in favor of awarding costs to the prevailing party. Reger v. Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010). However, absent express statutory authorization or a court order to the contrary, the Clerk may reimburse only the following types of costs enumerated in 28 U.S.C. § 1920:

>  (1) Fees of the clerk and marshal;
>  (2) Fees for printed or electronically recorded transcripts necessarily obtained
>      for use in the case;
>  (3) Fees and disbursements for printing and witnesses;
>  (4) Fees for exemplification and the costs of making copies of any materials
>      where the copies are necessarily obtained for use in the case;
>  (5) Docket fees under section 1923 of this title;
>  (6) Compensation of court appointed experts, compensation of interpreters, and
>      salaries, fees, expenses, and costs of special interpretation services under
>      section 1828 of this title.

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Due to this constraint, a prevailing party's costs "often fall well short of the party's actual litigation expenses." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000).

More recently, the Supreme Court reiterated that § 1920 taxable costs are "limited to relatively minor, incidental expenses," and are "narrow in scope."  Taniguchi v. Kan Pacific

Saipan, Ltd., 566 U.S. 560, 573 (2012) (limiting § 1920 (6) "compensation of interpreters" to oral translation costs, to the exclusion of document translation costs).

Despite the presumption in its favor, the prevailing party must provide sufficient information to carry its burden of showing that the sought-after costs fall within the limits of § 1920.  Romero v. CSX Transp., Inc., 270 F.R.D. 199, 201-02 (D.N.J. 2010).

In addition to Rule 54(d) and 28 U.S.C. § 1920, the Clerk's decision is guided by L. Civ. R. 54.1, our local court rule which "establishes the general procedures to be followed in those cases where a party is entitled to recover costs" under § 1920.  Lite, N.J. Federal Practice Rules, Comment 2 to Rule 54.1 (Gann 2020 ed.) at 303.

Defendants are undoubtedly the prevailing party because this Court granted final judgment in their favor, and as such, they enjoy the "venerable presumption that prevailing parties are entitled to costs," Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013).

Furthermore, Defendants have satisfied the requirements in L. Civ. R. 54.1 and 28 U.S.C. § 1924 of timeliness and verification: this motion was filed within the 30-day time frame set by L. Civ. R. 54.1(a); includes a notice of motion [Dkt. Entry 91]; through the Declaration of Jennifer D. Sims, Esq. ("Sims Decl.") [Dkt. Entry 91-2], as well as her signature of the AO 133 form declaration [Dkt. Entry 91-1], Defendants' counsel has verified that the costs are correct and were necessarily incurred in this action, and that the services for which the fees have been charged were actually and necessarily performed; and supporting invoices have been supplied [Dkt. Entry 91-2].  Accordingly, the Clerk examines below the two types of costs requested by Defendants.

### II. Fees for Printed Transcripts, § 1920 (2)

Pursuant to subsection (2) of § 1920, Defendants ask for the $8,667.95 cost of the

printed transcripts of the depositions of: Carr (November 21, 2018; October 17, 2019); Catherine Garris; Natalie Brazas; James Sechler; Pamela Prisco; Joseph Jefferson; Mark Mayhugh; Tim Day; and Chad Staller. Sims Decl., Ex. A-1.

In opposition, Plaintiff relies on our L. Civ. R. 54.1(g)(7), which restricts recovery to fees incurred for depositions "used at the trial." Pl.'s Br. at 2. However, as noted by Defendants, the Clerk applies the broader standard in § 1920 (2) of "necessarily obtained." Authority for this alternative analysis is the Third Circuit's ruling in the case of In re Baby Food Antitrust Litigation, 166 F.3d 112, 138 (3d Cir. 1999). Taxing costs in a case from this district which did not reach the trial stage, the appellate court there held that a local court rule, like ours, must yield to a federal rule with which it conflicts. Applying the "necessarily obtained" standard of § 1920 (2), instead of the "used at the trial" requirement of L. Civ. R. 54.1(g)(7), the court taxed the cost of deposition transcripts used in deciding the summary judgment motion which terminated that case.

Even before the In re Baby Food ruling, this Court held that it has broad discretion to tax deposition costs under 28 U.SC. § 1920. Hurley v. Atlantic City Police Dep't, Civ. Nos. 93-260, 94-1122, 1996 WL 549298, at *5 (D.N.J. Sept. 17, 1996). In Hurley, this Court stated that the failure of the prevailing party to introduce depositions into evidence at trial did not preclude a finding that they were "used" at trial. It went on to explain, "[a]n attorney needs deposition transcripts to prepare for both direct and cross-examination even if the transcripts are not directly introduced into evidence during the trial." Id.

As noted by Defendants, Sims Decl. ¶ 14, this Court, like other courts nationwide, has stated even more expansively that "[f]or the costs to be taxable, the depositions need not

-4-

have been used at trial, and must only 'appear reasonably necessary to the parties in light of a particular situation existing at the times they were taken.'" Thabault v. Chait, Civ. No. 85-2441, 2009 WL 69332, at *7 (D.N.J. Jan. 7, 2009) (quoting Datascope Corp. v. SMEC, Inc., No. 81-3948, 1988 WL 98523, at *3 (D.N.J. Sept. 15, 1988)). See also, Smith v. Crown Equip. Corp., No. Civ. A. 97-541, 2000 WL 62314, at *3 (E.D. Pa. Jan. 13, 2000).

Carr has not taken issue with any transcript in particular, and the Clerk has verified the justification asserted by Defendants, i.e., that all but the Staller transcript were cited in the parties' briefing of Defendants' summary judgment motion. [Dkt. Entries 66, 71]. As for that last remaining transcript, Chad Stellar was Plaintiff's expert in the case. Sims Decl. ¶¶ 15-17. Therefore, the Clerk determines that all of the deposition transcripts were "necessarily obtained."

After finding necessity, the Clerk usually assesses the reasonableness of the costs requested. However, in this case, such a review is not required. He must commend Defendants for seeking only the costs of the original and certified copies of the transcripts, along with fees for reporter attendance, and not the charges for non-taxable services, such as exhibits, litigation support services and shipping. While Carr contests the taxability of the attendance fees, Pl.'s Br. at 2, the Clerk adopts the widely held view that such charges are taxable. See e.g., Wesley v. Dombroski, Civ. A. No. 03-4137, 2008 WL 2609720, at *2-3 (E.D. Pa. June 26, 2008) ("[M]ost courts have permitted the prevailing party to recover the fee charged by the court reporter for his or her 'appearance.'") (collecting cases).

Pursuant to § 1920 (2), the Clerk allows the entire requested cost of transcripts and taxes them in the amount of **$8,667.95**.

### III. Costs of Making Copies, § 1920 (4)

The remaining costs sought are of two types, i.e., the cost of photocopies, and the cost of

ESI. If taxable, both fall under the "costs of making copies" prong of § 1920 (4) (as opposed to the "fees for exemplification" prong), and the requested total cost is $8,792.93. Sims Decl., Ex. A-2.

### *Cost of Photocopies*

First, Defendants ask for the $34.05 cost of making 227 photocopies at the cost of $.15 per copy. Id. at ¶ 19. The photocopies were necessitated by the Court's text order of April 22, 2018, requiring the in camera review of documents that were the subject of the parties' privilege/ redaction dispute. [Dkt. Order 45].

Carr again turns to the limitations of our local court rule, L. Civ. R. 54.1(g)(9), which include the specification that the copies be "admitted into evidence or necessarily attached to a document required to be filed and served in support of a dispositive motion." Pl.'s Br. at 2.

However, as Defendants point out, Defs.' Reply at 3, the Clerk adheres, rather, to the broader "necessarily obtained for use in the case" standard of § 1920 (4). He customarily finds that documents which are required to be submitted to the Court, such as courtesy copies, are "necessarily obtained." Carr raises the countervailing purpose of serving the convenience of counsel, typically discussed as the antithesis of the "necessarily obtained" standard, but convenience plays no part here. These 227 photocopies were commanded by the Court's text order. Moreover, the rate of $.15 per page used by Defendants is uncontested by Plaintiff and is reasonable, in the Clerk's view. Therefore, this **$34.05** cost is granted.

### *Cost of ESI*

The final cost on Defendants' bill of costs is that of ESI, totaling $8,758.88. Their counsel explains that "Defendants incurred over $206,000 in expenses related to their retention

-6-

of United Lex, the vendor who coordinated Defendants' production of ESI in response to Plaintiffs' [sic] numerous discovery requests."  Sims Decl. ¶ 20.  Counsel continues, "[o]f that amount, Defendants maintain that, at a minimum, $8,758.88 is recoverable, pursuant to L. Civ. R. 54.1(g)(9) and 28 U.S. C. § 1920(4), as being the 'costs of making copies of any materials.'" Id., citing Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 171 (3d Cir. 2012).

> Defendants' counsel describes this cost more specifically as consisting of:
>
> $930.00 for downloading and copying data from its original media so it could be processed and loaded into Relativity, a platform used in reviewing and coding documents; $3,305.00 for extracting/decrypting data from its original media so it could be processed and loaded into Relativity; $2,640.00 for loading documents into Relativity; $1,590.00 for normalizing data so it could be properly processed and loaded into Relativity; and $293.88 for the conversion of native files to TIFF files.

Carr's objection to this cost is also centered around L. Civ. R. 54.1(g)(9): "Here, Defendants admittedly seek the recovery of their costs in downloading the data, loading it into an ESI format, normalizing the data, and converting the files. Defendants' [sic] do not actually seek any costs for the copies of the discovery materials that were attached to their motion for a dispositive motion."  Pl.'s Br. at 2.

While Defendants cite to the Race Tires case, which binds the Clerk on the taxation of ESI, neither side conducts a proper application of that holding to this motion.  In that groundbreaking case, the Third Circuit established very narrow parameters for the taxation of ESI under § 1920 (4).  The parties there agreed to produce ESI in Tagged Image File Format ("TIFF"), an image format whereby ESI is converted into a non-editable digital file, allowing for the endorsing of pages and confidentiality branding.  Similarly, here, the parties agreed that

all ESI would be "produced in a reasonably useable format and made searchable prior to being produced." [Dkt. Entry 24].

In the Race Tires case, the services performed by third-party electronic discovery vendors, of which costs were sought, consisted of "(1) preservation and collection of ESI; (2) processing the collected ESI; (3) keyword searching; (4) culling privileged material; (5) scanning and TIFF conversion; (6) optical character recognition ("OCR") conversion; and (7) conversion of racing videos from VHS format to DVD format." Id. at 161-62.

Strictly construing the statute, the Third Circuit found that only the costs incurred for the physical preparation of ESI were taxable. It observed that in the pre-digital era, none of the various steps which preceded the actual copying of documents, such as locating paper files, would have been taxed:

> It may be that extensive "processing" of ESI is essential to make a comprehensive and intelligible production. Hard drives may need to be imaged, the imaged drives may need to be searched to identify relevant files, relevant files may need to be screened for privileged or otherwise protected information, file formats may need to be converted, and ultimately files may need to be transferred to different media for production. But that does not mean that the services leading up to the actual production constitute "making copies."

Id. at 169.

The court concluded that of the many services performed, only the costs of scanning hard copy documents, converting native files to the agreed-upon format, and transferring VHS tapes to DVD format were taxable. Id. at 171.

In this case, Defendants categorize United Lex's services as follows: "Download/copy data from original media for processing"; "Extract/decrypt data from original media so it can be processed and loaded into Relativity"; "Load documents to Relativity"; "Normalize data so it can

be properly processed and loaded to Relativity"; and "TIFF."  Sims Decl., Ex. A-2.  The invoices themselves show the following descriptions of United Lex's services: "Forensic Consulting"; "Technical Time"; and "Native Files to TIFF/PDF."  Id.

Clearly, under the Race Tires holding, only the last category of costs, those incurred solely for the conversion of "Native Files to TIFF/PDF," are taxable.  The descriptions of United Lex's other services indicate that they were taken to enable processing and loading to Relativity, or that they were steps preparatory to the actual copying.  Defendants' counsel points out that "Defendants produced approximately 44,000 pages of documents in response to Plaintiff's expansive written discovery" over the 18-month course of discovery, Sims Decl. ¶ 6, and paid out $206,000 to United Lex.  Nevertheless, the Race Tires court explained that "Congress did not authorize taxation of charges necessarily incurred to discharge discovery obligations.  It allowed only for the taxation of the costs of making copies."  674 F.3d at 169.  The Clerk notes too that litigants faced with overly burdensome discovery requests can avail themselves of the option of seeking a protective order pursuant to Fed. R. Civ. P. 26 (c).

In accordance with the above, only the **$293.88** cost of converting native files to TIFF/PDF is taxed as an ESI cost.  Combining this granted cost with the allowed $34.05 cost of photocopies, the § 1920 (4) cost of making copies is taxed in the total amount of **$327.93**.

**IV.  Summary**

In sum, based upon the foregoing, the Clerk grants the following costs and denies all other requested costs:

| | |
|---|---|
| Fees for transcripts, § 1920 (2): | $8,667.95 |
| Costs of Making Copies, § 1920 (4): | $   327.93 |
| **TOTAL:** | **$8,995.88** |

For the reasons set forth above, Defendants' motion to tax costs is hereby granted in part and denied in part, and Judgment is entered in favor of Defendants **SRA International, Inc.** and **CSRA, Inc.** and against Plaintiff **John H. Carr, IV** in the amount of **$8,995.88**.

                                                  WILLIAM T. WALSH, CLERK

                                                  By: <u>S/John T. O'Brien</u>
                                                          Deputy Clerk

October 16, 2020